ORIGINAL

FILED
APR 9 2008
U.S. COURT OF FEDERAL CLAIMS

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

******************************

**J.E. MCAMIS, INC., for itself and for the use and benefit of LUCAS MARINE CONSTRUCTION, INC.,**

**Plaintiff,**

**No.** 08-256 C

**v.**

**Judge** ____________

**UNITED STATES ARMY CORPS OF ENGINEERS,**

**Defendant.**

******************************

## COMPLAINT

## JURISDICTION

Jurisdiction of this Court is founded upon the Contract Disputes Act of 1978, 41 U.S.C. 601 et seq.

## STATEMENT OF FACTS

1. On October 8, 2004, the United States Army Corps of Engineers, U.S.A. Engineering District, Jacksonville, Florida ("Corps"), awarded Contract No. W912EP-04-C-0031 (the "Contract"), for the North Jetty Sand Tightening and Extension, Canaveral Harbor, Florida ("Project") to J.E. McAmis, Inc. ("McAmis").

2. The Contract awarded to McAmis was based on McAmis' price contractually agreed to by the parties. A true and correct copy of the Contract is attached hereto and incorporated herein as Exhibit "1."

3. The Contract contained standard clauses governing Differing Site Conditions (52.236-2) (Apr. 1984), Changes (52.243-4) (Aug. 1987), Requests for Equitable Adjustment (252.243-7002) (Mar. 1998) and Disputes (52-233-1) (July 2002). The Corps further had a

common law duty to cooperate with McAmis in the performance of the Contract, as well as an obligation not to unreasonably delay or hinder Contract performance.

4. On December 14, 2004, McAmis subcontracted certain Contract work to its sheet piling and bedding construction subcontractor, Lucas Marine Construction, Inc. ("Lucas Marine"). A true and correct copy of the Lucas Marine subcontract ("Subcontract") is attached and incorporated herein as Exhibit "2."

5. During the course of the Project work, material source and designation specification defects were discovered in the Contract's plans and specifications, including without limitation the requirement to purchase American manufactured sheet piling pursuant to F.A.R. 52.225-9 and the specifications. Lucas Marine and McAmis also encountered differing site conditions in attempting to perform the Project work in that, among other things, the jetty was required to be different than shown by the Contract plans and specification, and by the Corps' required redesign. In order to correct the material source and designation specification defects and to address the differing site conditions, the Corps made certain changes to the Contract plans and specifications. These changes impacted costs and time to perform the work of McAmis and Lucas Marine.

6. The Corps made changes pursuant to Amendments of Solicitation/Modifications of Contract. The modifications include changes to the material source designation for steel sheet pile from United States sourcing under the Buy American Act to non-domestic steel sheet pile, additional work at the jetty extension site due to the differing site condition that required redesign, and payment for additional costs due to the differing site condition. None of the Amendments fully addressed extensions of time for the changes. Because the Corps and

McAmis were unable to agree on a good faith settlement, McAmis is pursuing additional compensation.

7. After the work relating to the Amendments was completed, McAmis submitted its Requests for Equitable Adjustment, and subsequently submitted its certified claim for adjustment of the Contract for the additional time and costs incurred by McAmis and its subcontractor, Lucas Marine.

8. The Contracting Officer rejected McAmis' Request for Equitable Adjustment on June 15, 2006, and the Contracting Officer issued its Final Decision on April 9, 2007, finding that McAmis' claims had no merit. McAmis received the Final Decision on April 13, 2007. A true and correct copy of the Final Decision is attached hereto and incorporated herein as Exhibit "3."

9. McAmis and Lucas Marine based their prices, schedule and sequencing on the Contract plans and specifications. Based on the defective plans and specifications, differing site conditions, and resulting changes to the work ordered by the Corps, McAmis and Lucas Marine incurred additional costs and delays. The additional costs and delays include, without limitation, costs and delay due to the differing site condition that caused the change in the template for the jetty requiring additional material, labor, and equipment costs, additional time required due to the required change in specification for steel sheet pile that was not available domestically, as well as additional and extended costs of labor and equipment due to these unforeseen conditions and defective design specifications that were required so as to proceed with the Project jetty work.

11. McAmis for itself and for the use and benefit of Lucas Marine timely notified the Contracting Officer of the additional costs and delays incurred.

12. McAmis and Lucas Marine are entitled to be compensated by the Corps for those additional costs and delay, together with appropriate markup.

WHEREFORE, J. E. McAmis, Inc., for itself and for the use and benefit of Lucas Marine Construction, Inc. is entitled to an equitable adjustment to the Contract, including additional compensation and additional contract time for, without limitation, additional work, additional equipment, labor, bonding costs and insurance costs, taxes, as well as supervision costs, indirect expenses, home and project site overhead, costs and profit, together with interest and such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: April 8, 2008

Joseph W. Lawrence, II
Florida Bar No. 211303
Vezina, Lawrence & Piscitelli, P.A.
The Museum Building
300 SW First Avenue Suite 150
Fort Lauderdale, Florida 33301
Telephone: (954) 728-1270
Facsimile: (954) 728-1271

Attorneys for J.E. McAmis, Inc., for itself and for the use and Lucas Marine Construction, Inc.